GREEN et al., Appellants,

v.

CHINA HOUSE, Appellee.

[Cite as *Green v. China House* (1997), 123 Ohio App.3d 208.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 97–CA–0079.

Decided Nov. 10, 1997.

*Elizabeth A. Burick,* for appellants.

*Donald P. Wiley,* for appellee.

GWIN, Presiding Judge.

Plaintiff Kathy and Terry Green appeal a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant China House restaurant, on plaintiff's complaint for personal injuries. Appellants assign a single error to the trial court:

"There are genuine issues of material fact in dispute concerning whether or not appellee owed appellant a duty to warn her of the hazardous condition created by a crate which had been used by appellee to cover a hydraulic lift which was protruding from the floor."

Appellants' statement pursuant to Loc.R. 4(d) asserts that there is a genuine issue of material fact, making summary judgment inappropriate.

The testimony presented upon summary judgment consisted of the affidavit and deposition of the plaintiff, Kathy Green, and exhibits offered during the deposition. On February 14, 1994, plaintiff-appellant entered the newly opened China House restaurant to exchange a food order. The building had formerly housed a car garage. Appellant had never been in the establishment before this day. She had telephoned an order to the restaurant, and a friend picked it up.

The order was wrong, so appellant took it back. She walked to the right side of the counter to exchange her order. After appellant got her exchange, she moved to the left side of the counter to pick up a fork and soy sauce. Appellant then turned and began walking toward the exit, placing the condiments into the bag. She tripped over a wooden crate that had been placed over a hole in the floor that had housed an old hydraulic lift. Appellant was injured in the fall.

The crate was two feet long, two feet wide, and six inches high. It was directly between the door and the counter.

Plaintiff concedes in her deposition that she was not looking at the floor prior to and at the time of the fall:

"Q. As you were walking and putting things in a bag, that's when you fell down over the crate?

"A. (Plaintiff) Yes."

Appellant also admits that, if she had looked down she would have been able to see the crate.

"Q. If you had looked down, would have been able to see it?

"A. Yes, I assume so...

"Q. There wasn't anything about it that would camouflage it?

"A. No, somebody had built a wooden crate over the base of a hydraulic lift." (Ellipsis *sic.*)

Civ.R. 56(C) states in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in his or her favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

A trial court should not enter a summary judgment if it appears that a material fact is genuinely disputed, or if, construing the allegations most favorably towards the nonmovant, reasonable minds could draw different conclusions from the

undisputed facts. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 314–315. A trial court may not resolve ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 15 OBR 448, 474 N.E.2d 271. A reviewing court reviews a summary judgment by the same standard as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

■ Appellant occupied the status of "business invitee," to whom is owed a duty of ordinary care to maintain the premises in a reasonably safe condition so that customers are not unnecessarily and unreasonably exposed to danger of injury. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474.

■ This duty includes a responsibility to warn invitees of latent or concealed defects or perils of which the shopkeeper has, or should have, knowledge. *McLaughlin v. Ohio Veterans' Children's Home* (1987), 37 Ohio App.3d 136, 524 N.E.2d 521. In the exercise of such duty the business is not an insurer of the customer's safety. *Paschal,* supra.

In the case at bar, the appellee clearly *had* notice of the existence of the crate over which the plaintiff-appellant fell. The single issue is whether the obstruction was a hidden or latent defect in the premises.

Although appellant claims that the crate "was not an obvious defect," the trial court concluded that "[s]he (Plaintiff) was not looking where she was walking and that if she would have been watching where she was walking, she would have seen the wooden crate." In its analysis the trial court referred to and relied upon our prior holding in *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 566 N.E.2d 698. There, the plaintiff tripped over several small boxes which were lying in the aisle of the store (three or four inches high); plaintiff testified that she had not been looking where he was walking and that if he had been looking, he would have seen the boxes. We concluded that these boxes were "neither latent, nor hidden from view nor nondiscoverable by ordinary inspection." Further, we stated,

"An occupier of premises has no duty to warn a business invitee of dangers on the premises, or to protect the invitee from harm therefrom, where the danger is so obvious and apparent that the invitee may reasonably be expected to discover it and protect himself against it." *Parsons, supra,* at 49, 566 N.E.2d at 699.

Appellant invites us to apply the rationale of a more recent decision of this court, *Basiletti v. Bob Evans* (July 27, 1992), Stark App. No. 8738, unreported, 1992 WL 195441, where a customer tripped over a winter floor mat at the entrance to the store as she was leaving. There, we said, "The doors are in close

proximity and a reasonable person exiting the premises would be so preoccupied by manipulating the doors and their handles that he would not, indeed could not, properly inspect the floor for obstacles.  * * *  Plaintiff admitted on deposition that had she been looking where she was walking she would have seen the mat." *Basiletti, supra,* at 1.  We reversed the summary judgment and distinguished *Parsons* "for the reason that although the mat was indeed visible to the naked eye, the design of the foyer (doors extremely close together) arguably may have distracted appellant and caused her attention to be centered on navigating rather than observing visible impediments.  Thus, reasonable minds might differ as to whether she should reasonably have been expected to discover the danger and protect herself against it." *Basiletti* at 2.

■  The determination of whether a hazard is latent or obvious depends upon the particular circumstances surrounding the hazard.  In a given situation, factors may include lighting conditions, weather, time of day, traffic patterns, or activities engaged in at the time.

In all our daily activities, we concentrate varying degrees of attention on different tasks.  A person walking across an icy street in winter must concentrate more attention on conditions underfoot than on the same street on a bright summer day.  Under any given set of circumstances, how much attention a reasonably prudent person should direct to his or her surroundings is an extremely fact-specific analysis.  For this reason, courts should hesitate to grant summary judgments in this sort of case, but, instead, should submit them to a jury for determination.

■  We find that this case presents a jury issue regarding whether a reasonably prudent person in this situation would be able to observe and avoid this hazard, or whether the shopkeeper had a duty to warn of or alleviate the hazard.

Here, as in *Basiletti,* we conclude that reasonable minds could differ regarding whether this cover/box, located as it was in close proximity to the portion of the counter where customers pick up their containers of food, was, as to such persons, a latent hazard or defect.  If the jury determines it was a latent hazard, the defendant owed a duty to warn customers in such circumstances of the danger.

Summary judgment was inappropriate upon the facts presented, weighing the evidence most favorably toward the nonmoving party, as we are required to do by Civ.R. 56(C).

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM B. HOFFMAN, J., concurs.

MILLIGAN, J., dissents.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.

JOHN R. MILLIGAN, JR., Judge, dissenting.

Upon the issue of summary judgment we occupy no different position than the trial court. We examine the evidence, construed most favorably to the nonmoving party, and apply the extant law to the facts. The legal analysis takes place in the context of the evolving legal standards in the comparative negligence arena.

This case impels us to sharpen the question of when a hazard is a latent, hidden danger, particularly in the context of the conduct of the person injured. In *Parsons, supra,* we concluded that a bunch of empty boxes, about four to five inches high, located in front of a cooler to which the injured party was addressing his attention (and admitted that if he had looked he would have seen them) were "neither latent nor hidden from view nor nondiscoverable by ordinary inspection. They were in plain view and discernible." *Parsons, supra,* 57 Ohio App.3d at 51, 566 N.E.2d at 701. In that case the court employed a "reasonably prudent person" test, without so stating. ("The hazard was 'so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" *Parsons, supra,* at 51–52, 566 N.E.2d at 701.)

In the case relied upon by the majority, this court, again without so stating, incorporated an additional dimension to the "reasonably prudent observation" test of latency/patency.

The focus in *Basiletti* was upon the conduct of the nonmoving party, plaintiff, and the question was whether her failure to look and see was reasonable. We concluded that such was a question for the jury and extrapolated from that conclusion that, as to that plaintiff, under those circumstances, the hazard was latent, or concealed. By this standard the legal duty of the premises occupier in slip and fall cases, where the hazard was otherwise open and apparent to the naked eye, becomes:

"The occupier of premises owes to an invitee a duty to warn of a static hazard under any circumstances where it is reasonable that the invitee would not maintain a lookout, such as where the invitee is reasonably distracted by some other attraction."

The majority holding in this case, propelled by the rationale in *Basiletti*, represents a quantum leap in the legal definition of duty in slip and fall cases. It is no longer a duty to warn of a latent hazard, which a reasonably prudent person would not see.

The box on the floor is in plain view. It is clearly observable to the naked eye by any person who will look, and from any angle. It cannot be said that the box is a latent, hidden defect, unless the activity of the customer in (1) not looking where she is going and (2) carrying packages purchased in the store makes the plain-view box a latent defect as to her. That concept superimposes a new condition upon the issue of the duty of the shop operator to maintain a safe premises for his invitees, and redefines a "latent condition."

Plaintiff-appellant does not claim that the box on the floor is a "nuisance," triggering that principle of law that certain open, apparent premises conditions are a trap for which liability will follow. Compare *Rothfuss v. Hamilton Masonic Temple Co. of Hamilton* (1973), 34 Ohio St.2d 176, 63 O.O.2d 270, 297 N.E.2d 105, where an open, unguarded window well was held to be a nuisance triggering liability to an injured party.

The shopkeeper's negligence duty must now be defined as a duty to warn of a static condition which the shopkeeper knew, or in the exercise of reasonable care should have known existed, would not be seen by a reasonably prudent customer (invitee) who was reasonably inattentive to the circumstances because of conduct consistent with his role as a customer or invitee. In this case, that conduct was carrying the very packages sold to her by the merchant.

This expansion moves closer to being a subjective rather than objective test and creates new business conditions risks upon the merchant. It must anticipate the conduct of customers, which may include not keeping a lookout at all, apropos its duty to warn of the existence of static impediments otherwise clearly visible. It also increases the reality that the shop operator is, indeed, an insurer of the safety of the customer.

I believe that this extension of the law of "duty" inappropriately injects issues of contributory negligence into the equation at a point prior to its proper consideration. Contributory negligence, or the lack thereof, is not an issue unless and until the adverse party is shown to have a duty which has been breached, as a proximate result of which the party suffered injury.

In this case, the trial court never got to the question of contributory negligence, and neither should we. (Thus the second claim of appellant, in her Loc.R. 4[D] statement, that her contributory negligence is a disputed fact question, is premature and irrelevant.)

When a claimant says, "If I had looked I would have seen the hazard," the issue is not whether the hazard is latent or hidden, but whether "under the circumstances in which this plaintiff existed was it reasonable for him/her not to look?" That question is extricably incorporated in considerations, not of whether the hazard is latent or hidden, but, rather, whether the conduct of the claimant was a violation of his duty to use ordinary care in protecting him or herself from injury in the first instance. Appellant argues, however, that an honest claimant will almost always answer that question in the affirmative, because no matter how hidden the defect it can ultimately be seen, or it would not be a hazard in the first place.

This paradox, as demonstrated in the suggestion of *Basiletti*, is that virtually every slip and fall case where there is contact with some object is for the jury if the claimant says, "I didn't see it." The issue then becomes contributory or comparative negligence.

It would follow, then, that summary judgment is almost never appropriate in slip and fall cases. I do not find that that is, or should be, the law of Ohio.

As noted, these different tests of "duty" lead to different conclusions. If the occupier of the premises has a duty to warn of any hazard to which an invitee is exposed under circumstances where a reasonably prudent person is involved in reasonably expectable activity (such as carrying a tray of food or a box or looking for an item on a shelf in a store), summary judgment is inappropriate and the issues should be submitted to the fact finder. This definition of duty obliterates the distinction of whether a static condition at the premises is latent, concealed, or patent, clearly visible. If, on the other hand, the duty to warn extends only to static conditions that are concealed, hidden, latent, summary judgment is appropriate.

I believe the test should remain *objective*, and not *subjective*. The subjective test rewards the careless person, and comes close to making the occupier an insurer of the safety of patrons. Such a conclusion should be enacted by the legislature, not the courts.

Upon an independent examination of the undisputed evidence I would conclude, as did the trial court, that the obstruction was not a latent defect and thus the defendant had no duty to warn the customer of its existence.