Appellant Christine Sheppard contends that Judge Nancy A. Fuerst erred in granting appellee KAP Realty's motion for summary judgment because a material issue of fact, more properly left to a jury, remained concerning whether the hole in its parking lot, caused by deteriorated asphalt, was an open and obvious defect. For the following reasons, we disagree and affirm.
Sheppard, since 1995, had been a hairstylist, renting a booth at Pro Styles Hair Salon, located at the Euclid Green Plaza, which is owned by KAP. For four to five days each week, over almost two years, she would exit a bus at the RTA stop across the street and walk over the same area of the plaza parking lot to the location of the salon. On December 27, 1997, a Saturday, slightly before 7:00 a.m., on her way across the lot, she tripped over/slipped into/or got caught up in a hole caused by deteriorated asphalt and sustained a severe injury. On June 15, 1998, Sheppard, in the presence of her lawyer, gave a recorded statement to a KAP representative during which, the weather and Sheppard's actions immediately prior to her injury were discussed.
On July 23, 1998, Sheppard filed suit against KAP, KAP answered and the parties engaged in discovery. On November 9, 1998, KAP filed both a motion for summary judgment and Sheppard's deposition. KAP's motion contained portions of Sheppard's deposition during which she answered the following:
 Q. You knew that hole was there from the first day you worked there, though, right?
A. Yes.
 Q. All right. And that is the hole that you tripped in?
A. Yes.
When Sheppard testified that the lot was snow covered and it obstructed her view of that hole, she was questioned about her June 15, 1998, recorded statement:
 Q. Then she asked you the question "So the parking lot was dry and clear of any ice" I'm sorry.
 "of any snow and ice?" And your answer was, "It was dry and clear of snow." Was that your answer?
A. It wasn't.
 Q. Well, my question is: Was that your answer to her question on June 15th?
 A. If that's what's written down, I guess that's what I told her.
Q. You guess that's what you told her?
 A. Yeah. That there was snow and ice on the ground that day.
 Q. But did you tell her that there wasn't any snow and ice on the ground that day? Because that's what's written down.
A. Yes, I did. If that's what's written.
Q. And that's what you told her?
A. Yes.
When Sheppard testified that she had taken measures to avoid this particular hole since 1995, but because of the lack of lighting in the lot and the snow, she did not see the hole until her right foot got caught in it and she fell as she tried to step out of it. Again, her June 15, 1998 recorded statement was discussed.
 Q. Okay. Do you recall telling Ms. Lobas that you were trying to step over the hole and you stepped into it?
A. Yes, remember telling her that.
 Q. But what you're telling me instead is that you actually stepped into the hole and then tried to step out of it?
A. Right. As my foot got caught.
 Q. Do you remember telling Ms. Lobas that you were trying to take a big step across the hole?
 A. A big step across the hole? Yes. After my foot got caught, yes.
 Q. Okay. So you told Ms. Lobas that you were trying to take a big step across the hole?
 A. That was when my foot got caught in the hole. I looked down to see the hole and I was trying to step out of the hole.
 Q. Well, let me ask you the question that she asked you. "So you were trying to, like, take a big step across it?
 And your answer was, "yeah, and went right into it, yeah." That was your answer, right?
A. Yes.
* * *
 Q. But you do remember her asking the question, "Could you see the pothole as you walked toward it, where you worked?" And you answer was, "Actually, I didn't see it until I got up on it and I was trying to step over it and I stepped in it." That was your answer; correct?
A. I remember the question.
Q. And that was your answer; correct?
A. That's what was written down, yes.
* * *
A. I recall saying that, yes.
Sheppard's brief in opposition contained her Affidavit avering she was aware that the lot was poorly maintained but due to darkness she did not see the particular hole until she was off balance and falling. She concluded that the hole was not open and obvious and that a jury question is thereby presented negating summary judgment. The judge granted KAP's motion and this appeal followed.
Sheppard assigns one error for our review.
 I. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN THERE WAS A GENUINE ISSUE OF MATERIAL FACT WHETHER OR NOT THE DEFECT WAS OPEN AND OBVIOUS.
We review the instant assignment of error de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153, 1158. See, also, Soltis v. Wegman, Hessler, Vanderburg O'Toole (Feb. 13, 1997), Cuyahoga App. No. 69602, unreported. In an action for summary judgment, the court is compelled to affirm provided that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence and the inferences to be drawn therefrom in favor of the non-moving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-movant. Civ.R. 56(C); Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 375 N.E.2d 46. See, also, Turner v. Turner (1993), 63 Ohio St.3d 337, 341. Summary judgment can only be granted if the entire record demonstrates no genuine issue of material fact, and the non-movant is entitled to judgment as a matter of law. Civ.R. 56, Harless, supra.
The "open and obvious" doctrine "governs a landowner's duty to persons entering the property — property over which the landowner has the right and power to admit or exclude persons as invitees, licensees, or trespassers." Simmers v. Bentley (1992),64 Ohio St.3d 642, 597 N.E.2d 504. Under the open and obvious doctrine, an occupier or owner of premises "is under no duty to protect a business invitee against dangers "which are known-to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Pasohal v. Rite Aid Pharmacy (1985),18 Ohio St.3d 203, quoting Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589. "[T]he open and obvious nature of the hazard itself serves as a warning" allowing the owner or occupier to reasonably expect the invitee to discover those dangers and take the appropriate actions necessary to protect themselves. Simmers, supra. "[T]he knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence, the obvious character of the condition is incompatible with negligence in maintaining it." Sidle, supra.[1]
In a very similar case, the court in Backus v. Giant Eagle,Inc. (1996), 115 Ohio App.3d 155, 684 N.E.2d 1273, reasoned that summary judgment was proper for Giant Eagle where Backus tripped and injured himself on "spidered" blacktop in the parking lot of the shopping plaza. The Backus Court reasoned — that an invitee cannot claim ignorance to a defect when a defect is open and obvious and should have been reasonably discovered by an invitee; particularly when the invitee shops at the store three to four times per week and admitted to being aware of the deteriorated blacktop prior to the injury.
Sheppard asserts that Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 693 N.E.2d 271, is dispository and requires a jury to determine whether the errant hole was "open and obvious." Trexler involved an adjacent property owner obstructing a public sidewalk by propping open a large solid blue metal door through the use of a five gallon plastic bucket containing concrete blocks which protruded over the top of the bucket and out of the side through a cut hole. Trexler testified that as she and a companion were going to lunch and at a distance of 40 feet, she noted the open door and the bucket protruding beyond the door. The area was quite busy with pedestrians, she was paying attention to her path, didn't expect the bucket to be there and as she passed the door, she fell and injured her wrist. A jury found Trexler not to have been contributorily negligent in any degree and awarded her $75,000 in damages. The trial judge denied a motion for directed verdict or judgment notwithstanding the verdict.
This court reversed, with a lengthy dissent by Judge O'Donnell, and entered judgment for the defendant, — finding that the record was devoid of any evidence demonstrating exactly what caused the fall and that Trexler was more than 50% contributorily negligent for her failure to avoid what she had seen 40 feet away.
In reversing, the Supreme Court stated:
 This court has held that "(a) pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward * * *" Grossnickle v. Germantown (1965), 3 Ohio St.2d 96, 209 N.E.2d 442 paragraph two of the syllabus.
Trexler at 680, 681. It found that there was adequate evidence of substantial probative value to support the jury finding the defendant was 100% negligent in using the concrete bucket to prop the door open and obstruct over half the public sidewalk, that its negligence was the proximate cause of the injury and that Trexler had taken the proper amount of care to avoid obstructions.
In the instant case, Sheppard was a business invitee on private property which she knew was riddled with areas of deteriorating asphalt. The issue is not Sheppard's comparative negligence, rather whether KAP breached its duty to warn her of dangers that were not open and obvious.
Sheppard's reliance on Gilbert v. The Kroger Co. (December 19, 1996), Franklin App. No. 96APE03-37, unreported; Klein v. TheKroger Company (January 24, 1997), Lucas App. No. L96-135, unreported; Crow v. The Andersons (June 5, 1998), Lucas App. No. L97-1347, unreported; Ousley v. SSM, Inc. (September 15, 1998), Richland App. No. 97 CA 94, unreported; Stark v. GlenmoorProperties Ltd (October 15, 1998), Cuyahoga App. No. 73474, unreported; and, Green v. China House (1997), 123 Ohio App.3d 208,703 N.E.2d ___, is misplaced.
In Gilbert the court held that whether soiled spilled sugar on a beige floor was "open and obvious" to a customer was a jury question. In Klein the court held that whether a large puddle of water on a floor 40 feet from the entrance door, following a rain, was "tracked in" or open and obvious was a jury question. In Crow, where a cooking oil spill was not completely eliminated, the court stated:
 In addition, where a plaintiff is unaware of what caused the fall, the plaintiff must produce evidence as to proximate cause which demonstrates some negligent act or omission. See J.C. Penny Co., Inc. v. Robinson (1934), 128 Ohio St. 626, 193 N.E. 401, paragraph four of the syllabus.
Id.at page 2. It held whether the store failed to use appropriate cleaning procedures and whether such negligence was the proximate cause of Crow's injury were jury questions.
In Ousley, the issues involved whether the plaintiff had any prior knowledge of a 5" inch drop off of a handicap ramp and whether the drop off was open and obvious; two jury issues. InStark, where a private entity had constructed a private driveway over public property and relocated a utility pole thereby creating a depression in the driveway, the issues involved the entity's control over the driveway and any negligence by Stark
considering attendant circumstances. These were found to be issues of material fact in dispute. Lastly, in Green, a first time customer entered a new restaurant converted from a car garage. A crate covered a hole in the floor where a hydraulic had been. Green, busy putting her condiments in a bag and walking, did not see the crate and fell. The court found a jury issue over whether, under the attendant circumstances, a person would be able to observe and avoid the hazard or whether the shopkeeper had a duty to warn or alleviate.
Here, Sheppard admitted that prior to the day in question, she was aware of the poor condition of the parking lot, and was traveling a route which she traversed four to five times a week. Further, in her deposition, she stated she had prior knowledge, since 1995 in fact, of the particular pothole in which she fell and exercised continuous efforts to avoid it. Although visibility was limited, and there is contradictory testimony concerning the condition of the weather, she offers little evidence to refute the fact that the pothole was open and obvious. Sheppard's preexisting knowledge of the pothole and its location negates any breach of duty on the part of KAP, as the open and obvious nature of the pothole relieves the proprietor of any duty to warn. Construing the evidence most strongly in Sheppard's favor, it cannot be said that reasonable minds could differ as to whether KAP had a duty to warn her about the pothole on December 27, 1997. Accordingly, the assignment of error is not well taken. Judgment affirmed.
It is ordered that the appellee shall recover from appellant its costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., CONCUR;
PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY.
 ___________________________ JUDGE ANNE L. KILBANE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] In LePlaca v. Brunswick Ambassador Lanes (1988), 61 Ohio App.3d 598,573 N.E.2d 706, this court questioned the applicability of Sidle, supra, and the open and obvious doctrine in wake of R.C. 2315.19, the comparative negligence statute, enacted in 1980. We however feel the court erred in its analysis in that if a condition is open and obvious, which admittedly there was substantial doubt in Leplaca, that obviates any potential negligence by the owner or occupier. Without negligence, the comparative negligence standard is not and cannot be triggered. As Judge Nahra so aptly points out in his concurrence: "I do not agree that Sidle, is no longer applicable in light of the enactment of R.C. 2315.19. * * * Sidle is simply inapplicable to the facts of the instant case because the danger herein was not obvious and apparent." Leplaca, supra.