JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Teresa Markiewicz appeals from the decision of the Cuyahoga County Court of Common Pleas to grant summary judgment in favor of defendant-appellee Priority Dispatch Co. Finding error in the proceedings below, we reverse and remand.
 {¶ 2} In July 2001, Markiewicz and her 12-year-old niece went to Priority Dispatch to pick up Markiewicz's paycheck. They entered through the pedestrian entrance but exited through one of the warehouse doors. Assuming that there was a ramp beyond the warehouse door, Markiewicz walked right off the edge of a loading dock. She fell approximately four feet, injuring her right foot.
 {¶ 3} Markiewicz filed a personal injury claim against Priority Dispatch, and her husband filed a loss of consortium claim. Priority Dispatch filed a motion for summary judgment, arguing that the danger was open and obvious as a matter of law, and the trial court agreed.
 {¶ 4} Markiewicz appeals, advancing one assignment of error for our review, which states:
 {¶ 5} "The trial court erred in granting summary judgment to defendant Priority Dispatch where reasonable minds could differ as to whether the hazard which caused the plaintiff to fall was open and obvious, and no other valid basis for granting summary judgment exists."
 {¶ 6} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College,150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Department,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 7} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680, 1998-Ohio-602. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
 {¶ 8} In this case, there is no dispute that Markiewicz was a business invitee. Priority Dispatch owes a business invitee a duty of ordinary care by maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. See Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 204. Priority Dispatch is not, however, an insurer of the customer's safety. Id. Further, Priority Dispatch is under no duty to protect a business invitee from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Id., citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
 {¶ 9} The open-and-obvious doctrine states that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Armstrong v. Best Buy,99 Ohio St.3d 79, 2003-Ohio-2573, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus. When the open-and-obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery. Armstrong,99 Ohio St.3d at 80. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case." Miller v. Beer Barrel Saloon
(May 24, 1991), Ottawa App. No. 90-OT-050.
 {¶ 10} Markiewicz argues that there is a genuine issue of material fact as to whether the four-foot drop-off can be characterized as an open and obvious danger and that issue should be submitted to a jury. Priority Dispatch argues that the loading dock was an open and obvious danger as a matter of law and that Markiewicz had been to the facility with such frequency that she should have been aware of the risk.
 {¶ 11} Although the Supreme Court of Ohio has held that whether a duty exists is a question of law for the court to decide, the issue of whether a hazardous condition is open and obvious may present a genuine issue of material fact for the jury to review. Klauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306; see, also, Louderback v. McDonald'sRestaurant, Scioto App. No. 04CA2981, 2005-Ohio-3926 (holding that it was for a jury to decide whether the wet floor was an open and obvious condition when plaintiff did not notice the wet floor because his eyes were adjusting from the brightness of the sun, the floor was wet immediately upon entry, and there was no warning sign that the floor was wet).
 {¶ 12} In Green v. China House, 123 Ohio App.3d 208, 211
(1997), the Fifth Appellate District stated: "The determination of whether a hazard is latent or obvious depends upon the particular circumstances surrounding the hazard. In a given situation, factors may include lighting conditions, weather, time of day, traffic patterns, or activities engaged in at the time.
 {¶ 13} "In all our daily activities, we concentrate varying degrees of attention to different tasks. A person walking across an icy street in winter must concentrate more attention to conditions underfoot than on the same street on a bright summer day. Under any given set of circumstances, how much attention a reasonably prudent person should direct to his or her surroundings is an extremely fact-specific analysis. For this reason, courts should hesitate to grant summary judgments in these sorts of cases, but instead, should submit them to a jury for determination." Id.
 {¶ 14} In this case, after reviewing the photographs and the testimony, it is apparent that a genuine issue of fact exists as to the open and obvious nature of the danger. At the time of the incident, both garage doors, the one with the ramp and the one with the loading dock, were open. At the exit of the warehouse, there is nothing to distinguish the two doors, like yellow paint or a sign, other than the fact that the door with the ramp is slightly larger than the door with the loading dock. Markiewicz testified that she did not notice that she was walking out of the garage door with the loading dock because there was nothing there to warn her. Furthermore, she testified that she did not see the drop-off because she was temporarily blinded by the brightness of the sun after walking out of the dark warehouse. Markiewicz claims she had no warning that she was walking off a loading dock and she did not have sufficient time to perceive the hazard.
 {¶ 15} On the other hand, Priority Dispatch argues that Markiewicz walked past the loading dock at least 49 times previously and knew the loading dock was there. They argue, therefore, that Markiewicz should have remembered that the smaller garage door was the one with the loading dock.
 {¶ 16} Under the facts of this case, we find that reasonable minds could differ as to whether Markiewicz should have remembered which door led to the loading dock when there is nothing to distinguish the two from the inside. We also find that after viewing the evidence in a light most favorable to the nonmoving party, Markiewicz, there is a genuine issue of material fact as to whether this particular loading dock was an open and obvious condition.[1]
 {¶ 17} Markiewicz's sole assignment of error is sustained.
 {¶ 18} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Mary Eileen Kilbane, J., and Christine T. Mcmonagle, J.,concur.
[1] Since we find that there is a genuine issue of material fact as to whether the loading dock was an open and obvious condition, we do not reach the issues of attendant circumstances or foreseeability, as they will be dependant upon the jury's decision regarding the loading dock.