**FLOWER et al., Appellants,**

**v.**

**K–MART CORPORATION et al., Appellees.**

[Cite as *Flower v. K–Mart Corp.* (1998), 130 Ohio App.3d 617.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–971025.

Decided Dec. 4, 1998.

*Stephen M. Meiser,* for appellants.

*William M. Cussen* and *Brian D. Goldwater,* for appellees.

*Per Curiam.*

Kimberly Flower and her spouse, Michael Flower, appeal from the summary judgment entered against them in the Hamilton County Court of Common Pleas on their personal-injury and loss-of-consortium claims. Because our *de novo* review[1] demonstrates that genuine issues of fact remain unresolved, we hold that defendants-appellees K–Mart Corporation and McAny Realty were not entitled to judgment as a matter of law.

 A court may grant summary judgment only when the moving party demonstrates that the record is devoid of genuine issues of material fact, that the movant is entitled to judgment as a matter of law, and that reasonable minds can come to only one conclusion, that being adverse to the nonmoving party.[2] Summary judgment is a procedural device to avoid a formal trial where no issues exist to be tried. It must be entered with caution, with doubts resolved and the evidence and inferences construed in favor of the nonmoving party.[3]

On April 28, 1995, at approximately 3:00 p.m., Kimberly Flower drove to the K–Mart store on Harrison Avenue in western Hamilton County. The store was owned and operated by defendant-appellee K–Mart Corporation on land leased

1. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271.

2. Civ.R. 56(B); see, *e.g., Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274.

3. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 1–2, 433 N.E.2d 615, 616; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 274.

from defendant-appellee McAny Realty. Flower was accompanied by her four-year-old daughter, her sister, and her mother. On that day, K–Mart employees had arranged a flower and garden-equipment display in the parking lot, housed under a large tent. Flower and her family decided to enter the tent to shop for their gardening needs.

As they entered the tent, Flower's attention was drawn to an eye-level flower display, and she began to walk toward it. Flower, who was carrying her daughter piggyback style, stepped into a circular pothole or sinkhole, approximately twelve inches wide and from one inch to one and one-half inches deep, in the pavement. Flower twisted her ankle when she unexpectedly stepped into the hole, and she fell, sustaining injuries to her leg.

The trial court granted summary judgment in favor of K–Mart and McAny Realty. It held that the Supreme Court of Ohio's decision in *Kimball v. Cincinnati*[4] and this court's decision in *Grado v. Mt. St. Joseph*[5] required judgment in favor of K–Mart and McAny Realty. In *Kimball*, the court held:

"A variation of from one-half to three-fourths of an inch in the heights of adjacent sections of a sidewalk is a slight defect commonly found in sidewalks, and the municipality in which such sidewalk is located is not guilty of a violation of the duties imposed upon it by Section 3714, General Code, by reason of the existence of such defect."[6]

This court in *Grado* likewise held that a variation of less than two inches in the heights of adjacent sections of a walkway was insubstantial as a matter of law and that the plaintiff had failed to demonstrate any other facts that would overcome the presumption that the defect was insubstantial.

Flower argues that the lower court erred by granting summary judgment to K–Mart and McAny Realty. We agree.

In *McGuire v. Sears, Roebuck & Co.*, this court held:

"[T]he modern formulation of the '*Kimball* rule' [is] a presumption that height differences on public or private sidewalks of two inches or less are insubstantial or trivial as a matter of law, absent evidence of other 'attendant circumstances' making the difference in elevation unreasonably [un]safe. * * *

"[T]here is no precise definition of 'attendant circumstances,' but they generally include ' "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would

---

4. *Kimball v. Cincinnati* (1953), 160 Ohio St. 370, 52 O.O. 237, 116 N.E.2d 708, syllabus.

5. *Grado v. Mt. St. Joseph* (Mar. 28, 1997), Hamilton App. No. C–960504, unreported.

6. *Kimball, supra.*

exercise at the time." ' * * * *France v. Parliament Park Townhomes* (Apr. 27, 1994), Montgomery App. [No.] 14264, unreported, 1994 WL 151658. 'The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered.' *Stockhauser v. Archdiocese of Cincinnati* (1994), 97 Ohio App.3d 29, 33–34, 646 N.E.2d 198, 201." [7]

In this case, Flower offered evidence of "attendant circumstances" that raises a genuine issue of fact as to whether the particular defect here gives rise to liability on the part of K–Mart and McAny Realty. The pothole or defect in the pavement in this case was not located on a regular sidewalk or walkway, where one would have had a duty to be alert for such problems. K–Mart employees had erected a tent over the defective area, obscuring it from the view of persons walking in the parking lot. K–Mart had erected the structure for the purpose of attracting shoppers inside the tent to purchase gardening supplies. Finally, Flower was distracted by the eye-level garden display that had been created by K–Mart employees.

Based on these facts, we hold that reasonable minds can reach different conclusions concerning whether the pothole was an unreasonably unsafe condition that was foreseeable by K–Mart and McAny Realty, rendering them liable for injuries resulting from the defect. Accordingly, the judgment of the court of common pleas is reversed, and this cause is remanded for further proceedings consistent with this decision and law.

*Judgment reversed
and cause remanded.*

HILDEBRANDT, P.J., GORMAN and MARIANNA BROWN BETTMAN, JJ., concur.

---

7. *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494, 499, 693 N.E.2d 807, 810.