DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant James Clark appeals the decision of the Lorain County Court of Common Pleas granting summary judgment to Appellee Christine Burman on Appellant's claims of negligence. We affirm.
 {¶ 2} On July 15, 2004, Appellant filed a complaint in the Lorain County Court of Common Pleas against Appellee, alleging that Appellee was negligent in permitting Appellant to operate a table saw at Appellee's residence without supervision. On November 30, 2005, Appellee filed a motion for summary judgment, to which Appellant responded on December 16, 2005. The trial court granted Appellee's motion on December 28, 2005.
Appellant has timely appealed, and asserts one assignment of error:
 FIRST ASSIGNMENT OF ERROR
"The trial court erred granting summary judgment and finding that there were no genuine issues of material fact to support a finding that Appellee breached a duty owed to Appellant, i.e., advising, training or warning Apellant regarding the operation of the table saw."
 {¶ 3} Appellant argues that the trial court erred in determining that there was no genuine issue of material fact with respect to a duty owed by Appellee to Appellant, and that it therefore erred in granting Appellee's motion for summary judgment. We disagree.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 5} In his complaint in the trial court, Appellant asserted a cause of action in negligence. It is well accepted that, to establish a cause of action in negligence, a plaintiff must show, "(1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 8, citing Menifee v. Ohio Welding Prod., Inc., (1984),15 Ohio St.3d 75, 77, 472 N.E.2d 707. At issue in this case is the existence of the duty by the Appellee to the Appellant. The existence of a duty is a question of law for the court to decide. See Williams v. Garcias (Feb. 7, 2001), 9th Dist. No. 20053, at 2.
 {¶ 6} The facts of the case are as follows: On July 18, 2003, Appellant accompanied Appellee's daughter, Ms. Hart, to Appellee's house. Ms. Hart had agreed to construct a concrete turn-around in her mother's driveway, and Appellant was planning to help. In order to build the frame for the concrete, Ms. Hart needed wooden stakes of a particular size. Appellant agreed to cut the wood for the stakes, and began using a band saw in Appellee's basement for that purpose. When he determined that the band saw was too dull, he asked Ms. Hart where he could find a table saw, which he thought would work better. She told him it was on the other end of the basement.
 {¶ 7} According to his own deposition, when Appellant found the table saw, he recognized that it was without a safety or guard on it. He also recognized that the lighting was not ideal in the area in which the saw was located. However, after assessing the situation, he determined that he could still do the job, and he began to cut the wood. At some point, the wood snapped and he said that his hand was drawn into the machine. He injured several of the fingers on his left hand. Appellant admitted in his deposition testimony that the saw did not appear to have been altered in any way before he used it.
 {¶ 8} Appellant argues that he was a business invitee in Appellee's home, and she therefore owed him a duty of the highest standard of care, including a duty to train him on the equipment he asked to use and to supervise him in his use. However, he can cite no case law for that proposition. His only support is a case in which the Ohio Court of Claims found that a student at a state university using the university's equipment for a theater-arts construction project was considered an invitee, and was therefore owed a higher standard of care than a trespasser or a social guest.
 {¶ 9} The Supreme Court of Ohio held in Armstrong, supra at ¶ 14, that Ohio still applies the "open and obvious" doctrine: "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Armstrong,
syllabus. "The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" Id. at ¶ 5, quotingSimmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644,597 N.E.2d 504. The open and obvious doctrine precludes any claim that the landowner has a duty to protect invitees against open and obvious dangers. Without establishing a duty, a plaintiff cannot proceed with a negligence action, and any evidence offered by the plaintiff to support a finding of the remaining three elements of negligence will not be considered.
 {¶ 10} Appellant has provided no support for his argument that there is a duty owed in this case by Appellee to Appellant. He has asserted that Appellee owed a duty because Appellant was a "business invitee," and that the doctrine of open and obvious dangers does not apply to business invitees. The case law on the subject is entirely to the contrary: "An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus, 233 N.E.2d 589. See, also, Zuzan v. Shutrump, 155 Ohio App.3d 589,2003-Ohio-7285 (Homeowner does not owe duty to protect invitee entering home to install carpeting against a danger that is open and obvious).
 {¶ 11} Appellant acknowledged in his deposition that the saw was dangerous, that he recognized the danger at the time of the accident, and that he did not see a guard for the blade when he used the saw. He also acknowledged that the lighting was not ideal, but he chose to operate the saw anyhow. These admissions demonstrate that there was no genuine issue of material fact as to the openness or obviousness of the danger presented by the saw. Therefore, the open and obvious doctrine applied in this case. Under the open and obvious doctrine, Appellee owed no duty to Appellant as a matter of law, and the trial court was correct in granting Appellee's motion for summary judgment. We affirm the trial court's decision.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Moore, J., concur.