OPINION
{¶ 1} Plaintiff-appellant, Charles J. Uhl, appeals the trial court's decision granting summary judgment to defendant-appellee, Harry Thomas, Sr. We affirm the trial court's decision.
 {¶ 2} In the spring of 2002, appellee contacted appellant to do some roofing work on a century-old barn located on appellee's farm property. Appellant went out to appellee's property to examine the roof, determine the cost of materials, and provide an estimate for the *Page 2 
work. Appellant inspected the roof's understructure for soundness, and walked the roof to take measurements. The parties then came to an oral agreement to have appellant repair the barn roof.
 {¶ 3} On May 9, 2002, appellant and his employee, Jeff Nunemaker, met at appellee's barn to begin work. Using a 250-pound "laddervator" propped against the side of the barn to assist with transporting shingles from the ground to the roof, Nunemaker sent nine 100-pound bundles of shingles up to appellant on the roof of the barn. After laying out the bundles along the roof, appellant felt the barn "shift," and fell ten feet onto a loft in the barn. Appellant claimed that he sustained injuries to his right eye, right leg, and the right side of his head.
 {¶ 4} Appellant filed a negligence suit against appellee alleging a failure to repair or warn of latent defects. Appellee moved for summary judgment on the basis that (1) appellant was an independent contractor engaged in an inherently dangerous activity and appellee was not an active participant; (2) appellant assumed the risk; and (3) the inherent danger was open and obvious. The trial court granted summary judgment and appellant now appeals by raising one assignment of error.
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 6} Appellee argues summary judgment was improper because the owner of a property owes a business invitee a duty to repair or warn of foreseeable latent dangers. In addition, appellant also argues that even as an independent contractor, appellee owed the same duty of care as he would any other business invitee. We find no merit to either argument.
 {¶ 7} An appellate court's examination of a trial court's decision to grant summary *Page 3 
judgment is subject to de novo review. Grafton v. Ohio Edison Co,77 Ohio St.3d 102, 105, 1996-Ohio-336. A reviewing court is required to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Bravard v. Curran, 155 Ohio App.3d 713,2004-Ohio-181, ¶ 9, quoting Brewer v. Cleveland Bd. of Edn. (1997),122 Ohio App.3d 378, 383. Therefore, an appellate court must review a trial court's decision to grant or deny summary judgment independently, without any deference to the trial court's judgment. Id. at ¶ 9, citingBurgess v. Tackas (1998), 125 Ohio App.3d 294, 295.
 {¶ 8} A court may only grant summary judgment when: (1) there is no genuine issue of any material fact; (2) as a matter of law, the moving party is entitled to judgment; and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. Civ. R. 56(C); Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. The party moving for summary judgment bears the burden of demonstrating no genuine issue of material fact exists with regards to the essential elements of the claim(s) of the nonmoving party. Dresher v. Burt, 75 Ohio St.3d 280, 292-93, 1996-Ohio-107. A material fact is one which would affect the outcome of the suit under the applicable substantive law. Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248, 106 S.Ct. 2505.
 {¶ 9} The nonmoving party must then present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve. Dresher at 293. The nonmoving party may not rely on mere allegations or denials in his pleading, instead he must respond with specificity to show a genuine issue of material fact. Civ. R. 56(E);Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. The nonmoving party is entitled to have any doubts resolved, and evidence construed, most strongly in his favor. Welco Indus., Inc. v. Applied Cos.,67 Ohio St.3d 344, 346, 1993-Ohio-191. However, summary judgment is inappropriate where a nonmoving party fails to produce evidence essential to his claim. Id. *Page 4 
 {¶ 10} Negligence claims require a showing of a duty owed; a breach of that duty; and an injury proximately caused by the breach. Wallace v.Ohio Dept. of Commerce, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 22. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." Adelman v.Timman (1997), 117 Ohio App.3d 544, 549. Determination of whether a duty exists is a question of law for the court to decide. Mussivand v.David (1989), 45 Ohio St.3d 314, 318.
 {¶ 11} "Whether or not an owner of a premises is liable to a party who sustains injury on his property turns on the relationship of the parties or, the status of the party entering the premises, and whether the owner breached a duty of care arising from the parties' relationship."Boyd v. Hicksville Aerie # 2556, Fraternal Order of Eagles, Inc. (May 10, 1995), Defiance App. No. 4-95-2, 1995 WL 274495, at *2, citingLight v. Ohio University (1986), 28 Ohio St.3d 66; and Newton v.Pennsylvania Iron Coal, Inc. (1993), 85 Ohio App.3d 353. One who is invited onto the premises of another, for the benefit of the owner, is considered an invitee. Gladon v. Greater Cleveland Regional TransitAuth., 75 Ohio St. 3d 312, 315, 1996-Ohio-137.
 {¶ 12} While not an insurer of the invitee's safety, the owner of the premises owes a duty to an invitee to exercise ordinary and reasonable care for the invitee's safety and protection. Jackson v. KingsIsland (1979), 58 Ohio St.2d 357, 359. "`[T]he obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm.'" Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 52, quoting Prosser on Torts (4 Ed.), 392-93 (1971). "This duty [also] includes a responsibility to warn invitees of latent or concealed defects of which the owner has, or should have, knowledge." Zuzan v.Shutrump, 155 Ohio App.3d 589, 2003-Ohio-7285, ¶ 6; Scheibel v.Lipton (1951), 156 Ohio St. 308, 323.
 {¶ 13} Liability only attaches when an owner has "superior knowledge of the particular *Page 5 
danger which caused the injury" as an "invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate."LaCourse v. Fleitz (1986), 28 Ohio St.3d 209, 210. However, where the owner of the premises "does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable" for the injury. Howard v. Rogers (1969),19 Ohio St.2d 42, 47. Thus, while an owner has a duty of ordinary care to warn and inspect, the duty is limited by those dangers which are foreseeable. Perry, 58 Ohio St.2d at 52. "[W]here negligence revolves around the question of the existence of a hazard or defect, notice, either actual or constructive[,] of such hazard or defect is a prerequisite to the duty of reasonable care." Heckert v. Patrick (1984),15 Ohio St.3d 402, 405.
 {¶ 14} Appellant was an invitee because he was on the property, at appellee's request, in order to provide appellee the benefit of a repaired barn roof. Appellee therefore owed a duty to warn appellant of dangers which appellee knew of, or should have known of, through reasonable inspection. Appellee's inspection of his property was likely the impetus which caused him to contact appellant in order to make repairs to the barn roof. A reasonable inspection by appellee would not have found the barn roof was unsound; especially since appellant, an "experienced roofer," could not detect any defects in the structure after his professional inspection. If appellant could not find any problems, it is unlikely that appellee would have detected any problems with the structure, let alone be tasked with the responsibility of issuing a warning to appellant. Because appellee could not have known of the danger of roof collapse, he cannot be liable for the injury to appellant.
 {¶ 15} Furthermore, the owner of a premises has no duty to protect invitees from conditions that are either known to the invitee or are so obvious and apparent that the invitee may reasonably be expected to discover and protect himself against them. Ahmad v. AK Steel Corp.,119 Ohio St.3d 1210, 2008-Ohio-4082, ¶ 23. This expectation is derived from *Page 6 
the idea that a danger which is open and obvious, is in itself, a warning. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, ¶ 5. "The open-and-obvious doctrine is based upon the invitee's knowledge of the danger." Zuzan, 155 Ohio App.3d at ¶ 7, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45. Indeed, "[i]f an invitee knows of a dangerous condition, he will be held to have assumed the risk of injury from that condition." Davenport v. M/I SchottensteinHomes, Inc. (1993), 96 Ohio App.3d 237, 240-241, citing Cyr v. BergstromPaper Co. (1982), 3 Ohio App.3d 299.
 {¶ 16} When applicable, the open-and-obvious doctrine obviates an owner's duty of care, and acts as a complete bar to any negligence claim. Armstrong at ¶ 5, 13-14. "Whether a hazard is an open and obvious condition is a matter of law to be determined by the court, and therefore, a suitable basis for summary judgment."[1] Galinari v.Koop, Clermont App. No. CA2006-10-086, 2007-Ohio-4540, ¶ 13, citingArmstrong at ¶ 15. A motion for summary judgment is properly granted where the hazard is not hidden from view or concealed from the nonmoving party. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51. Summary judgment may also be granted where the invitee admits to knowing of the danger.[2] Zuzan at ¶ 7.
 {¶ 17} While buildings may withstand centuries of wear and tear and still remain intact, there is always a possibility that time will destabilize even the most well-constructed structure. In this case, the structure was a century old barn, whose stability and soundness concerned appellant enough to conduct an inspection of the roof and its understructure/underlayment. *Page 7 
Appellant testified in his deposition that his inspection was to ensure the roof was solid, "because if it isn't, you can go through it real quick." Thus, even appellant recognized and admitted there was a danger of falling through the barn roof. When appellant introduced the added weight of the laddervator, against the side of the barn, and 900 pounds of shingles, onto the barn's roof, it obviously placed too much stress upon the barn and caused the roof to fail. There was an open and obvious danger of injury, which even appellant recognized and acknowledged; consequently appellee owed no duty towards appellant. Appellant's negligence claim is therefore barred by the open-and-obvious doctrine.
 {¶ 18} We cannot find that any genuine issue of material fact exists. Appellee is entitled to judgment as a matter of law because he could not have known the roof would fail, and the danger was open and obvious. Even if we viewed all of the evidence in a light most favorable to appellant, reasonable minds could only come to one conclusion which is adverse to appellant's claims. Appellant's first assignment or error is hereby overruled as summary judgment was properly granted to appellee.
 {¶ 19} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] "[T]he determinative question is whether the condition isdiscoverable or discernible by one who is acting with ordinary care under the circumstances." Earnsberger v. Griffiths Park Swim Club, Summit App. No. 20882, 2002-Ohio-3739, ¶ 24 (emphasis sic). A dangerous condition does not necessarily need to be observed by the injured party, it just objectively needs to be observable. Lykins v. Fun SpotTrampolines, et al., Clinton App. No. CA2006-05-018, 2007-Ohio-1800, ¶ 24.
[2] "Clearly, the danger is open and obvious when the invitee admits to having had actual knowledge of the danger prior to being injured by that danger." Zuzan at ¶ 7. *Page 1