OPINION
{¶ 1} The following is an accelerated calendar appeal. Appellant, Andrew Blomstrom, appeals from a judgment entry of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, State Farm Fire Casualty Company. For the reasons that follow, we affirm.
 {¶ 2} The record discloses the following facts. On July 22, 2002, appellant filed a complaint with the Trumbull County Court of Common Pleas. Appellant's complaint alleged that he was insured by appellee under a homeowner's insurance policy (the "policy") which issued coverage for his personal property. Attached to the complaint was a copy of the policy. While the policy was in effect, appellant claimed he suffered a loss, due to the theft of his property, in the amount of at least $4,000. Appellant maintained that appellee's refusal to pay his claim for the stolen property was a breach of its contractual obligation under the policy.
 {¶ 3} On September 13, 2002, appellee filed a timely answer. In its answer, appellee argued that appellant's loss by theft was not covered under the policy due to an exclusionary provision. Attached to the answer was a police report which indicated that the following three items were stolen from appellant's car: (1) two black vinyl C.D. cases; (2) one thousand assorted music C.D.s; and (3) one Sony XL900 detachable C.D. player faceplate ("faceplate"). However, pursuant to Section I(B)(2) of the policy, coverage did not apply to the following:
 {¶ 4} "[D]evices or instruments for the recording or reproduction of sound permanently attached to an engine or motor propelled vehicle. We do not cover tapes, wires, records or other mediums that may be used with these devices or instruments while in the vehicle."
 {¶ 5} Based upon the foregoing exclusionary provision, appellee concluded that because a C.D. player was attached to appellant's car, the stolen property was not covered by the policy.
 {¶ 6} On July 8, 2003, appellant filed a motion for summary judgment. Appellant's motion for summary judgment asserted that the exclusionary provision was not applicable to the case at bar. In support of this contention, appellant attached an affidavit which disclosed the factual circumstances surrounding the stolen property.
 {¶ 7} Appellant's affidavit attested that, on July 30, 2001, at approximately 1:45 a.m., he found his car's passenger side window broken. Upon further investigation, appellant discovered that one thousand music C.D.s had been stolen from his car. Appellant's affidavit stated that "[t]he car from which the CDs were stolen had a CD player with a removable `faceplate.' The faceplate was the control panel, and when the faceplate was removed any part of the CD player left in the car could not be used to play a CD or anything else, or do anything.
 {¶ 8} "The `faceplate' was not permanently attached, and could be easily taken out, put into a pocket or a case, and taken with me. The purpose of doing that is to make the portion of the CD player left in the car useless, so that a thief would not want to steal it."
 {¶ 9} Appellant's motion for summary judgment argued that the exclusionary provision did not apply because the C.D. player could not function when the faceplate was removed and, therefore, the C.D. player was not a "device for the reproduction of sound" at the time of the theft. Furthermore, appellant argued that the ability to remove the faceplate demonstrated that the C.D. player was not attached to the car. Thus, appellant concluded that the stolen C.D.s were covered under the policy.[1]
 {¶ 10} On September 30, 2003, appellee filed a brief in opposition and its own motion for summary judgment. Appellee's motion for summary judgment argued that, notwithstanding the portability of the faceplate, the C.D. player was attached to the car. Thus, appellee concluded that although the C.D. player could not function without the faceplate, it was still a device for the reproduction of sound, and any medium that could be used by the C.D. player to reproduce sound was not covered.
 {¶ 11} Moreover, appellee's motion for summary judgment noted that the faceplate was one of the items reported stolen from the vehicle. Accordingly, appellee argued that the portability of the faceplate was irrelevant, as the evidence demonstrated that the faceplate was part of the C.D. player at the time of the theft.
 {¶ 12} On December 5, 2003, the court issued a judgment entry which denied appellant's motion for summary judgment and granted summary judgment in favor of appellee. The court stated, "[t]his Court finds that the removal of the faceplate does not change the fact that the CD player is attached to the engine, wired to the car's electrical system and permanently installed in the car. In fact, at the time of the theft, the faceplate was in tact and fully functional. The removal of a faceplate merely means that the CD player cannot be used at that particular moment but by no means does it somehow make the CD player portable and therefore, according to the policy language, would allow [appellant] coverage."
 {¶ 13} From this judgment, appellant filed a timely appeal and now sets forth the following assignment of error for our consideration:
 {¶ 14} "The trial court erred in denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment."
 {¶ 15} We will first set forth the applicable standard of review. An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J.Refrigeration, Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-12.
 {¶ 16} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner (1993),67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 17} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher at 293.
 {¶ 18} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 19} Under his sole assignment of error, appellant argues that the trial court erred in dismissing his motion for summary judgment and granting summary judgment in favor of appellee. Specifically, appellant argues that the ambiguous language of the exclusionary provision was inapplicable to the case at bar, as the removal of the faceplate rendered the remaining portion of the C.D. player incapable of reproducing sound and demonstrated that the C.D. player was not permanently attached to the vehicle. Thus, appellant concludes that, at the time of the theft, the exclusionary provision was immaterial and the stolen C.D.s were covered under the policy.
 {¶ 20} The construction of an insurance contract is a matter of law.Nationwide Mut. Ins. Co. v. Eckmeyer, 145 Ohio App.3d 753, 764, 2001-Ohio 4341. In interpreting an insurance contract, a court should attempt to ascertain the intention of the parties and, if the language of the policy is unambiguous, it should be enforced as written. Id. However, if a provision is ambiguous, it should be construed against the insurer and in favor of the insured. Id.
 {¶ 21} Here, the language of the policy's exclusionary provision was unambiguous. To recapitulate, the exclusionary provision expressly stated that coverage of personal property did not apply to "devices or instruments for the recording or reproduction of sound permanently attached to an engine or motor propelled vehicle. We do not cover tapes, wires, records or other mediums that may be used with these devices or instruments while in the vehicle."
 {¶ 22} Based upon the clear language of the exclusionary provision, coverage of appellant's C.D.s, while in his vehicle, was barred when there was a device permanently attached to his vehicle which could use the C.D.s for the reproduction of sound. Because the language of the exclusionary provision is unambiguous, we will enforce such provision as written.
 {¶ 23} Appellant's argument that the exclusionary provision is inapplicable is predicated solely upon the ability to remove the faceplate portion of the C.D. player and the inability to operate the C.D. player once the faceplate was removed. Appellant's affidavit, however, notes that the removable faceplate was merely the control panel and the remaining portion of the C.D. player was attached to his vehicle.
 {¶ 24} Absent from the exclusionary provision is any language that restricts its application to only those instances in which an entire
device capable of reproducing sound is attached to the vehicle. Instead, the exclusionary provision's language broadly encompasses any "devices * * * for the * * * reproduction of sound permanently attached to an engine or motor propelled vehicle[.]" The removal of a single portion of a device used for the reproduction of sound does not alter the fact that the remaining portions of the device are electronically attached to the vehicle, and the ultimate purpose of those remaining portions of the device is the reproduction of sound.[2] Thus, the ability to remove a single portion of a device that is attached to a vehicle and used for the reproduction of sound is irrelevant, and the exclusionary provision is applicable despite the removable faceplate.
 {¶ 25} Moreover, the exclusionary provision does not limit its application to only those instances when the device is capable of reproducing sound. To the contrary, the provision excludes coverage when music mediums, i.e., music C.D.s, "may be used with these devices[.]" (Emphasis added.) The language of the exclusionary provision is prospective and is not conditioned upon the device being operable at the time of loss. Therefore, the exclusionary provision proscribes coverage whether or not the loss is contemporaneous with the device being non-operable.
 {¶ 26} Based upon the foregoing analysis, the unambiguous exclusionary provision is applicable, notwithstanding appellant's ability to remove the faceplate and the C.D. player's inability to operate without the face plate. Accordingly, the trial court did not err in determining that the exclusionary provision precluded appellant from succeeding on his claim under the policy. Appellant's sole assignment of error is without merit. We hereby affirm the judgment of the Trumbull County Court of Common Pleas.
Ford, P.J., Rice, J., concur.
[1] Appellant's affidavit confirms that his claim was made only for the loss of the stolen C.D.s and no claim was made for either the faceplate or vinyl C.D. cases.
[2] Attached to appellant's motion for summary judgment was a copy of the policy's claim interpretations. It defined "permanently attached" as "electrically connected and fastened to the vehicle[.]"