[Cite as *Estate of Truesdell v. Traci Brown Ins. Agency Inc.*, 2024-Ohio-5440.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| ESTATE OF<br>JERRIAN C. TRUESDELL, DECEASED, | **CASE NO. 2024-A-0029** |
| Plaintiff-Appellant, | Civil Appeal from the<br>Court of Common Pleas |
| - vs - | |
| TRACIE BROWN INS AGCY, INC., et al., | Trial Court No. 2021 CV 00540 |
| Defendants-Appellees. | |

## O P I N I O N

Decided: November 18, 2024
Judgment: Affirmed

*Erik L. Walter*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Plaintiff-Appellant).

*Gregory H. Collins*, Collins Roche Utley & Garner, LLC, 520 South Main Street, Suite 2551, Akron, OH 44311; *Kurt D. Anderson*, Collins Roche Utley & Garner, LLC, 875 Westpoint Parkway, Suite 500, Cleveland, OH 44145 (For Defendants-Appellees, Tracie Brown Ins Agcy Inc., and State Farm Fire and Casualty Company).

*Rachael L. Russo*, Roetzel & Andress, 1375 East Ninth Street, One Cleveland Center, 10th Floor, Cleveland, OH 44114 (For Defendants, CBC Construction, Inc., Roman Vencill, Jason Stuyvesant, and Michael D. Bisbee).

*John L. Antel*, Grange Insurance Company, 6000 Freedom Square Drive, Suite 380, Independence, OH 44131 (For Defendants, Herbert G. Locy, III, and Crimson King Masonry and Construction, Inc.).

*Katherine S. Riedel*, and *William E. Riedel*, Law Offices of Katherine S. Riedel, 1484 State Route 46 North, Jefferson, OH 44047 (For Defendants, W. 30th Builders Supply, LLC, and Randolph David Caruso).

ROBERT J. PATTON, J.

{¶1} Plaintiff-appellant, Estate of Jerrian C. Truesdell, ("Estate"), appeals the decision of the Ashtabula County Court of Common Pleas, which granted defendant-appellees', State Farm Fire and Casualty Company ("State Farm") and Tracie Brown Insurance Agency, Inc. ("Brown Insurance") (collectively, "insurance appellees"), motion for summary judgment. For the following reason, we affirm.

{¶2} The underlying matter relates to the construction of a residential dwelling on property owned by Jerrian C. Truesdell ("Truesdell") located at 4611 South Ridge Road West in Ashtabula, Ohio. The property was constructed in 2009. The property was insured by State Farm in 2020. In July 2020, Truesdell allegedly discovered defects in the home. She filed a claim with State Farm, and her claim was denied. She initiated a civil suit in September 2020 which was later voluntarily dismissed in December 2020.

{¶3} On November 30, 2021, Truesdell refiled the case, the underlying action in this appeal. In her original complaint, she alleged eight counts including, breach of contract, negligence, fraudulent misrepresentation, innocent misrepresentation, breach of warranties of fitness and habitability, violations of the Ohio Consumer Sales Practices Act, and bad faith against several parties: CBC Construction Inc., Roman Vencill, Jason Stuyvesant, Michael D. Bisbee, Herbert G. Locy III ("Locy"), Crimson King Masonry and Construction Inc. ("Crimson King"), W. 30th Builders Supply LLC, Randolph D. Caruso, Brown Insurance, and State Farm. While the underlying action was pending, Truesdell died, and the trial court substituted the Estate of Jerrian C. Truesdell, deceased, for

2

Truesdell. Only three claims were made against insurance appellees in the initial Complaint: request for declaratory ruling, breach of contract, and bad faith.[1]

**{¶4}** On January 4, 2022, insurance appellees jointly filed their Answer and Cross-Claim against all co-defendants.

**{¶5}** On October 6, 2022, the trial court granted motions to dismiss filed by W. 30th Builders Supply, LLC, Randolph David Caruso, CBC Construction, Inc., Roman Vencill, Jason Stuyvesant, and Michael D. Bisbee.[2] After dismissal of these defendants, only insurance appellees, Locy, and Crimson King remained.

**{¶6}** On August 7, 2023, Locy and Crimson King filed a motion to dismiss the first amended complaint pursuant to Civ.R.12(B)(6). On November 23, 2023, the trial court notified the parties that this motion would be considered as a motion for summary judgment.

**{¶7}** On December 8, 2023, insurance appellees filed their motion for summary judgment. In support of their motion, they attached an affidavit of Tracie Brown ("Brown"), owner of Brown Insurance and sales agent for State Farm, an affidavit of Anthony Chapman, claims specialist from State Farm, and the State Farm Homeowners Insurance Policy ("Policy"). On December 15, 2023, Locy and Crimson King filed a supplemental motion for summary judgment. On January 12, 2024, the Estate filed its responses in opposition to the motions for summary judgment. The Estate attached an affidavit of Susan Friend ("Friend"), the daughter of Truesdell and Executrix of the Estate, an affidavit

---

1. The Estate filed an Amended Complaint on May 6, 2022. In the initial and amended complaints, the Estate characterized its claim as a declaratory ruling which we construe to be synonymous with a request for declaratory judgment.
2. The Estate filed a notice of appeal to this Court, which was dismissed for lack of a final appealable order. *Estate of Truesdell v. CBC Constr., Inc.*, 2023-Ohio-515 (11th Dist.). These parties are not part of this appeal.

3

of Jeffrey Huard, P.E. ("Huard"), who submitted an expert report regarding the conditions of the property, and a copy of the Estate's Amended Complaint to its response in opposition to Locy and Crimson King. The Estate, in addition to those documents, attached a copy of the responses to interrogatories and State Farm's documentation regarding the Estate's insurance claim.

{¶8} On January 19, 2024, Locy and Crimson King filed a motion to strike the affidavit of Friend attached to the Estate's response in opposition to the motion for summary judgment. Insurance appellees did not seek to have the affidavit stricken. On February 13, 2024, the trial court granted to the motion, stating "the [c]ourt will not consider the affidavit of Susan Friend when determining either Motion for Summary Judgment pending before this [c]ourt."

{¶9} On the same day, the trial court also granted summary judgment in favor of both insurance appellees and Locy and Crimson King.

{¶10} The Estate appeals and raises two assignments of error for review:

> [1]. "The Trial Court's decision to strike the Affidavit of Susan Friend was in Error."
>
> [2]. "The Trial Court's decision to grant summary judgment was in error."

{¶11} We will address the Estate's assignments of error in reverse order.

{¶12} In the second assignment of error, the Estate argues that the trial court erred in granting the motion for summary judgment in favor of insurance appellees. We disagree.

{¶13} "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

4

*McCruter v. Travelers Home & Marine Ins. Co.*, 2021-Ohio-472 ¶ 43 (11th Dist.) citing *Welch v. Ziccarelli*, 2007-Ohio-4374, ¶ 36 (11th Dist.). "In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party." *Id.*

{¶14} We review a trial court's decision to grant summary judgment under a de novo standard of review. *McFadden v. Discerni*, 2023-Ohio-1086, ¶ 12 (11th Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." *Peer v. Sayers*, 2011-Ohio-5439, ¶ 27 (11th Dist.). "While it is true that an appellate court reviews a trial court's summary judgment decision de novo, we will not consider issues raised in summary judgment proceedings that the trial court failed to rule on." *Tree of Life Church v. Agnew*, , 2014-Ohio-878, ¶ 27 (7th Dist.), citing *Conny Farms, Ltd. v. Ball Resources, Inc.*, 2011-Ohio-5472, ¶ 15 (7th Dist.).

{¶15} This Court recognized in *Ziccarelli*, 2007-Ohio-4374, at ¶ 40

> Since summary judgment denies the party his or her "day in court" it is not to be viewed lightly as docket control or as a "little trial." The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt*, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the

5

nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Misteff v. Wheeler* (1988), 38 Ohio St.3d 112.

{¶16} In its original Complaint, the Estate raised three causes of action against the insurance appellees: request for declaratory judgment, breach of contract, and bad faith.

{¶17} The Estate alleges that insurance appellees breached the contract by failing to provide coverage under the terms of the Policy. The Estate also alleged that the insurance appellees owed a duty to the Estate to act in good faith in handling and paying the Estate's claim.

{¶18} In granting insurance appellees' motion for summary judgment, the trial court held:

> [T]he Court finds they are entitled to judgment as a matter of law also. Plaintiff's insurance coverage specifically excludes "wear, tear, deterioration, latent defect, wet or dry rot, and settling or cracking of walls, floors, roofs, or ceilings. Whether the loss occurs abruptly or gradually. Defective or inadequate design, specifications, workmanship, repair, construction renovation, materials or maintenance." Plaintiff's own expert report supports the exclusion of the coverage. There is absolutely nothing in the record that supports Plaintiff's claims that the Insurance defendants acted in bad faith. Their denial of the coverage was reasonably justified based on the policy exclusions. Further, Tracie Brown simply sold the Plaintiff her coverage. There is nothing in the record to support Plaintiff's claim that Ms. Brown acted in bad faith, as Ms. Brown had nothing to do with the coverage or lack thereof.

6

Case No. 2024-A-0029

Based on the foregoing, these claims were ripe for dismissal through summary judgment.

**Breach of Contract**

**{¶19}** The Estate alleged in its Complaint that Brown Insurance and State Farm breached the contract by failing to provide coverage on the claim.

**{¶20}** The construction of an insurance contract is a matter of law. *Blomstrom v. State Farm Fire & Cas. Co.*, 2004-Ohio-7234, ¶ 20 (11th Dist.), citing *Nationwide Mut. Ins. Co. v. Eckmeyer*, 145 Ohio App.3d 753, 764 (11th Dist.). "In interpreting an insurance contract, a court should attempt to ascertain the intention of the parties and, if the language of the policy is unambiguous, it should be enforced as written. However, if a provision is ambiguous, it should be construed against the insurer and in favor of the insured." *Id.*

**{¶21}** First, the language of the Policy's exclusionary provision was unambiguous. The Policy specifically states that "[w]e will pay for accidental direct physical loss to property * * * unless the loss is excluded or limited in Section I - Losses Not Insured or otherwise excluded or limited in this policy." The Policy further states that "[w]e will not pay for, under any part of this policy, any loss consisting of one or more of the items below* * *: (b) defect weakness, inadequacy, fault, or unsoundness in: * * * (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction; (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; * * *." The policy states that resulting loss from those items would be covered "unless the resulting loss is itself a Loss Not Insured."

**{¶22}** Excluded as "Losses Not Insured," among other things, are "seepage or leakage of water, steam, or sewage that occurs or develops over a period of time," "losses

7

arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time," "wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown," "wet or dry rot," and "settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings."

{¶23} Estate's own expert, Huard, attributed the damage to "numerous construction defects." Those defects are clearly excluded from coverage. The Estate argues that the resulting damages from those defects, however, are covered under the Policy.

{¶24} The damage sustained to the property as detailed in Huard's affidavit involved construction defects which allowed moisture to permeate the home. Huard's affidavit discussed discoloration to each of the home's 32 windows and rafter bays in the attic which are indicative of exposure to moisture, moisture-related deterioration of the window sashes, discoloration and biological growth along the soffit of the basement stairs which was also indicative of moisture, insufficient weeps or clogged weeps which did not properly drain the trapped moisture from the walls, and inadequate sealant of the windows and doors. As the resulting damages are due to moisture which has caused wet and dry rot in various parts of the property, those damages are specifically not covered under the Policy. As such, the Estate was not entitled to coverage of these damages.

{¶25} The Estate asserts that it was entitled to coverage based upon representations made by Brown and that the trial court improperly concluded that Brown Insurance should be dismissed from the action. The Estate relies upon *Clements v. Ohio*

*State Life Ins. Co.*, 33 Ohio App. 3d 80 (1st Dist. 1986) in support of its argument. *Clements* is factually distinguishable from the case sub judice.

{¶26} In *Clements*, the plaintiffs claimed that they were not informed by the agent, Finke, that Ohio State Life had to approve their application for coverage before the policy went into effect. *Id.* at 82. Instead, they asserted that Finke represented to them that coverage would be effective immediately upon delivery of the premium check to the sales agent. The First District Appellate Court determined that genuine issues of material fact remained and precluded summary judgment and concluded: "* * *these determinations about the scope of Finke's authority to bind Ohio State Life and the terms of his agreement with the Clementses are subordinate to the overarching question of whether he indeed promised them immediate coverage, a question on which directly conflicting evidence has been presented. Ohio State Life was not entitled to summary judgment as a matter of law." *Id.* at 87.

{¶27} In the instant case, there is no evidence of any statement by Brown which would bind the insurance company as to coverage after a claim. Unlike in *Clements*, wherein the Clementses asserted that such representation regarding the effective date of their policy coverage was made by the agent, the affidavit attached in this case, even if considered by the trial court, falls woefully short of creating a genuine issue of material fact. The affidavit, which provides no indication of any personal knowledge of the affiant, Friend, simply alleges that Brown Insurance "before and after the insurance policy was obtained * * * made specific representations that coverage would be afforded to cover damages *such as* the ones the Property is now experiencing." (Emphasis added). Therefore, there is no evidence which establishes a genuine issue of material fact.

9

**{¶28}** The Policy contains the following agreement: "4. This policy contains all of the agreements between you and us and any of our agents." In Sections I and II – CONDITIONS, the Policy also states: that "[a] waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." There is no indication that Brown Insurance made any written representation regarding coverage under the Policy.

**{¶29}** It is clear that Brown Insurance served as a sales agent wholly separate from the claims department, and Brown Insurance did not personally provide or deny coverage to the property. The Policy, which establishes the agreement between State Farm and Truesdell, requires changes in the Policy to be made in writing and expressly states that the entirety of the agreement between State Farm and Truesdell is in the Policy.

**{¶30}** Therefore, summary judgment was proper as to Brown Insurance on the breach of contract claim as no genuine issue of material fact exists regarding its role on this case.

**{¶31}** Further, State Farm did not breach the contract by denying coverage in accordance with the Policy. Thus, State Farm was also entitled to judgment as a matter of law as no genuine issues of material fact existed on the breach of contract claim.

### Bad faith

**{¶32}** This Court has recognized that an insurer has a duty to act in good faith towards its insured in carrying out its responsibilities under the insurance policy. *Vogias v. Ohio Farmers Ins. Co.*, 2008-Ohio-3605, ¶ 39 (11th Dist.) citing *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, paragraph one of the syllabus. "Furthermore, '[a]n insurer fails to exercise good faith in the processing of a claim of its insured where its

Case No. 2024-A-0029

refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor.'" Id., quoting *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, paragraph one of the syllabus.

{¶33} The Supreme Court of Ohio has set forth the proper summary judgment analysis in a bad faith claim:

> "[T]o grant a motion for summary judgment brought by an insurer on the issue of whether it lacked good faith in the satisfaction of an insured's claim, a court must find after viewing the evidence in a light most favorable to the insured, that the claim was fairly debatable and the refusal was premised on either the status of the law at the time of the denial or the facts that gave rise to the claim. Such a standard is not contradictory to Civ.R. 56. Civ.R. 56(C) states that summary judgment is appropriate only where there is no genuine issue of material fact. To withstand a motion for summary judgment in a bad faith claim, an insured must oppose such a motion with evidence which tends to show that the insurer had no reasonable justification for refusing the claim, and the insurer either had actual knowledge of that fact or intentionally failed to determine whether there was any reasonable justification for refusing the claim.

*Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St 3d 621, 630, (1992).

{¶34} Appellant avers that Brown Insurance and State Farm acted in bad faith when State Farm denied coverage of the claim despite the alleged representations by Brown. The evidence before the trial court in ruling upon insurance appellees motion for summary judgment establishes that Brown was the sales agent who sold a State Farm Policy to Truesdell. Neither Brown nor Brown Insurance reviewed the claim or investigated the claim submitted by the Estate. Indeed, State Farm handled the investigation of the claim and ultimately determined that the claim was not covered under the Policy. Therefore, the record is devoid of any evidence that Brown or Brown Insurance

11

Case No. 2024-A-0029

acted in bad faith. Brown Insurance was entitled to judgment as a matter of law and summary judgment was appropriate as to the bad faith claim.

**{¶35}** As to State Farm, the evidence before the trial court also included an affidavit of Anthony Chapman, a claims specialist for State Farm, who personally investigated the insurance claim and inspected the property on September 16, 2020. Chapman indicated that there was no evidence that a storm caused the damage and noted that all the home's windows were similarly damaged. Coverage was denied by State Farm as the damage was specifically excluded under the Policy. There is nothing in the record to suggest State Farm had no reasonable justification for refusing the claim. Further the record is devoid of any evidence that State Farm either had actual knowledge that it had no reasonable justification for refusing the claim, or that State Farm intentionally failed to determine whether there was any reasonable justification for refusing the claim. Therefore, State Farm was also entitled to judgment as a matter of law on the bad faith claim.

**{¶36}** As no genuine issue of material fact exists as to either the breach of contract claim or bad faith, summary judgment was appropriate as to both insurance appellees. As such, the Estate's second assignment of error is without merit.

### Affidavit of Susan Friend

**{¶37}** In the first assignment of error, the Estate argues that the trial court erred when it struck Friend's affidavit.

**{¶38}** "A trial court's decision to grant or deny a motion to strike is within its sound discretion and will not be overturned on appeal unless the trial court abuses its discretion." *Rilley v. Brimfield Twp.*, 2010-Ohio-5181 ¶ 56 (11th Dist.), quoting *Douglass v. Salem*

12

*Community Hosp.,* 2003-Ohio-4006, ¶ 20 (7th Dist.). An abuse of discretion is the trial court's " 'failure to exercise sound, reasonable, and legal decision-making.' " *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary (8 Ed.Rev. 2004) 11.

{¶39} In the instant case, Locy and Crimson King sought to strike Friend's affidavit from the Estate's response in opposition to its request for summary judgment. In its entry granting Locy and Crimson King's motion to strike, the trial court stated:

> Now, more than a year after this Court's ruling, the Court is faced with dismissal of the same counts [as those dismissed previously in favor of the other construction companies], however, today there is an affidavit of "Susan Friend" that appears to specifically fill in all of the gaps that this Court previously pointed out when granting dismissal.
>
> Ms. Friend was never mentioned in the original complaint, never mentioned in the refiled complaint, never mentioned in the amended complaint, never mentioned in any of the pleadings that were filed during this Court's consideration of the previous motions to dismiss, and never listed as a witness on Plaintiff's own discovery responses. * * *
>
> First, this case has been pending with this Court for more than two years. Disclosure of a pivotal witness at this point in this case, when this witness has been known to Plaintiff since the cases conception, is highly prejudicial to Defendants and unacceptable to this Court. * * *
>
> To allow the affidavit of Susan Friend would result in inconsistent rulings, which would have the consequences of a miscarriage of justice by treating similarly situated defendants in a different manner.

{¶40} Neither Brown Insurance nor State Farm sought to strike the affidavit. However, the trial court struck the affidavit from both of the Estate's filings in opposition to the motions for summary judgment and stated it would not consider the affidavit upon review of either motion for summary judgment. As this appeal solely focuses on the

13

Case No. 2024-A-0029

disposition as to the insurance appellees, we review the trial court's decision as it relates to the insurance appellees, alone.

{¶41} Friend's affidavit consists of six pages. Four statements relate to insurance appellees: paragraphs 13, 14, 18, and 19. Paragraphs 13 and 14 simply establish that the residence was insured by State Farm through a policy sold by Brown Insurance and that the residence was inspected by State Farm prior to insurance coverage. Neither statement was contested by the insurance appellees. Paragraph 18 of the affidavit avers that Brown represented "on numerous occasions—that coverage would be provided* * *." Paragraph 19 of the affidavit reads: "[b]efore and after the insurance policy was obtained, Tracie Brown Insurance Agency, Inc., made specific representations that coverage would be afforded to cover damages such as the ones the Property is now experiencing." The affidavit does not identify how Friend knew of these alleged representations by Brown, whether these statements were made to her, a person who is not a party to the Policy, if she overheard the statement, or if she was told of these alleged representations by another. Indeed, there are no statements by affiant that she had any personal knowledge. She does indicate in paragraph 2 of the same affidavit that she had personal knowledge of the construction of the residence. She makes no similar statement averring she has personal knowledge of exchanges or interactions with insurance appellees.

{¶42} "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the

14

party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Lay witnesses must similarly have personal knowledge of the matters about which they testify. Evid.R. 602. "'Personal knowledge' is '[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.' Black's Law Dictionary (7th Ed.Rev.1999) 875." *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 2002 -Ohio-2220, ¶ 26.

{¶43} The Tenth appellate District explained in *Carter v. U-Haul Internatl.*, 2009-Ohio-5358, ¶ 10 (10th Dist.):

> Although personal knowledge may be inferred from the contents of an affidavit, see *Fitch v. C.B. Richard Ellis, Inc.*, 10th Dist. No. 07AP–107, 2007–Ohio–4517, ¶ 22, a trial court has wide discretion to determine whether a witness has sufficient personal knowledge to testify competently. *Starinchak v. Sapp*, 10th Dist. No. 04AP–484, 2005–Ohio–2715, ¶ 27. Affidavits not based upon personal knowledge or that fail to set forth facts that would be admissible in evidence are subject to a motion to strike. *Samadder v. DMF of Ohio, Inc.*, 154 Ohio App.3d 770, 798 N.E.2d 1141, 2003–Ohio–5340, ¶ 17. A court may not consider inadmissible statements, such as hearsay or speculation, inserted into an affidavit in opposition to a motion for summary judgment. *LaSalle Bank Natl. Assn. v. Street*, 5th Dist. No. 08 CA 60, 2009–Ohio–1855, ¶ 16.

{¶44} It is questionable from the statements contained in Friend's affidavit whether Friend had personal knowledge regarding any representations, if any, that were made by Brown Insurance. Additionally, it is also questionable whether those statements would have been admissible under the Rules of Evidence.

{¶45} However, even if the trial court should have considered Friend's affidavit and the limited statements contained therein regarding the insurance appellees, such

15

error was harmless. See, *Carter v. U-Haul Internatl*, 2009-Ohio-5358, at ¶ 13. It is clear that the affidavit did not create a genuine issue of material fact in this case. Any suggestion regarding coverage made by Brown Insurance before and after the Policy was obtained did not alter the written insurance Policy which specifically excludes coverage for the Estate's claim. Therefore, even if the trial court erred in striking those portions of Friend's affidavit, such an error was harmless.

{¶46} As such, the Estate's first assignment of error is without merit.

{¶47} For the reasons set forth above, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-A-0029